# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **MARY ANNE BURGAN,** | ) | Civil Action |
| Plaintiff | ) | No. 4:19-cv-00102 |
| vs. | ) | |
| | ) | CIVIL COMPLAINT |
| **RADIUS GLOBAL SOLUTIONS, LLC** | ) | |
| Defendant | ) | (Unlawful Debt Collection Practices) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Texas Debt Collection Practices Act, Tex. Fin. Code Ann. § 392 *et seq.* (hereinafter "TDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, MARY ANNE BURGAN, is a natural person residing in Texas.

4. Defendant, RADIUS GLOBAL SOLUTIONS, LLC, is a Minnesota corporation engaged in the business of collecting debts in this state with its principal place of business located at 7831 Glenroy Road, Suite 250, Edina, MN 55439. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6)

## IV. FACTUAL ALLEGATIONS

6. On or about August 5, 2018, the Defendant contacted the Plaintiff by regular mail in an attempt to collect a debt on behalf of Cavalry, SPV I, LLC.

7. The August 5, 2018 letter included the language "Pay Online: www.radiuswebpay.com" in which the Defendant attempted to direct the Defendant to a website owned and maintained by the Defendant for the purpose of collecting consumer debts.

8. The August 5, 2018 letter included a QR code which if scanned would direct the user to visit the website www.radiuswebpay.com.

9. On or about September 8, 2018, the Defendant contacted the Plaintiff by regular mail in an attempt to collect a debt on behalf of Cavalry, SPV I, LLC.

10. The September 8, 2018 letter included the same two links discussed in lines 7 and 8 of this section directing the consumer to www.radiuswebpay.com.

11. On or about October 8, 2018 the Defendant contacted the Plaintiff by regular mail in an attempt to collect a debt on behalf of Cavalry, SPV I, LLC.

12. The October 8, 2018 letter included the same two links discussed in lines 7 and 8 of this section directing the consumer to www.radiuswebpay.com.

13. Visiting the website www.radiuswebpay.com results in the user being automatically redirected to the website "www.payments2northland.com".

14. The Defendant has previously operated under the name Northland Group LLC.

15. The landing page for www.payments2northland.com states in part "Radius Global Solutions is a debt collector. This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose."

16. The www.payments2northland.com website includes an icon for the website "Ask Doctor Debt" which links to the URL "www.askdoctordebt.com".

17. The www.payments2northland.com website directs to "www.northlandgroup.com" upon clicking with the header.

18. Clicking on the header of a website is an action which ordinarily brings the user of a website to the main landing page of the site they are visiting.

19. Through usage of the link described in line 18 the Defendant has incorporated the contents of the "www.northlandgroup.com" website into its communication with the Plaintiff.

20. The contents of "www.northlandgroup.com" were created for the purpose of obtaining payments and information from debtors in connection with efforts to collect a debt.

21. The footer of every page of www.northlandgroup.com includes a link and icon for the Ask Doctor Debt website.

22. The footer of every page of www.northlandgroup.com includes the language immediately adjacent to the link "Find straightforward answers to your credit and debt questions at this independent industry site."

23. The www.northlandgroup.com website includes a section of the website labeled "Consumers" which is targeted to debtors visiting the website and is created for the

purpose of collecting a debt and obtaining information in connection with the collection of debt of another.

24. The "Consumers" page of www.northlandgroup.com includes a section labeled "Ask Doctor Debt" in which it states: "At Ask Dr. Debt, you can quickly find straightforward answers to your credit and debt questions. This independent site provides you with resources and information to help you know your rights, take action and get honest answers."

25. The language discussed in line 24 includes a link to www.askdoctordebt.com.

26. A total of approximately 25 links to www.askdoctordebt.com are contained on the Defendant's website.

27. The www.askdoctordebt.com website was created and run by ACA International which is also known as The Association of Credit and Collection Professionals.

28. ACA International is an organization made up of debt collectors.

29. Ask Doctor Debt was created as part of an ACA International publicity campaign in which ACA International attempted to give debt collectors positive publicity.

30. The original format of Ask Doctor Debt allowed debtors to submit questions related to debt management, debt collection, bankruptcy, or other financial topics which would be answered by a member of ACA International.

31. The Ask Doctor Debt website contains an archive of previously asked questions and answers.

32. The Ask Doctor Debt website contains inaccurate, misleading, false, dishonest, and/or biased information related to the collection of debt.

33. Information on the Ask Doctor Debt website was intentionally created to mislead consumers into engaging in debt collector favorable actions which could result in negative consequences to the consumer including the revival of unenforceable debts or the payment of debts not owed.

34. The Ask Doctor Debt website contains information which may discourage consumers from seeking the advice of an attorney.

35. The Defendant made statements via its website which were part of a communication for the purpose of collecting a debt from the Plaintiff which advised or induced consumers to rely on the advice of www.askdoctordebt.com.

36. The Defendant incorporated the false or misleading statements made on www.askdoctordebt.com into its communication to the Plaintiff.

37. The Defendant intentionally misled consumers into believing that www.askdoctordebt.com was an uninterested third party website of which the Defendant had no affiliation.

38. The Defendant failed to disclose its affiliation with www.askdoctordebt.com through ACA International to consumers.

39. The Defendant intentionally misled consumers about the "independent" nature of www.askdoctordebt.com.

40. The Defendant failed to disclose that the site www.askdoctordebt.com was created by companies and individuals engaged in the practice of debt collection.

41. The Defendant purported to represent the best interests of consumers through statements contained on its website and in its communications.

42. The Defendant falsely purported to represent the best interests of consumers by providing counsel or advice to consumers.

## V. FIRST CLAIM FOR RELIEF

43. Plaintiff repeats and realleges and incorporates by reference paragraphs one through forty-two above.

44. Defendant violated the FDCPA. Defendant's violation included, but are not limited to, the following:

   a. The Defendant violated 15 U.S.C. § 1692e generally by making oral and written statements in an attempt to obtain payment and personal information concerning the plaintiff through deceptive, false or otherwise misleading statements.

   b. The Defendant violated 15 U.S.C. § 1692e by making false or misleading statements as to the independent nature of the www.askdoctordebt.com website to collect a debt and/or obtain information concerning the plaintiff.

   c. The Defendant violated 15 U.S.C. § 1692e by making statements misleading the Plaintiff as to the relationship between www.askdoctordebt.com and Defendant to collect a debt and/or obtain information concerning the plaintiff.

   d. The Defendant violated 15 U.S.C. § 1692e by making statements misleading the Plaintiff as to the ownership of www.askdoctordebt.com to collect a debt and/or obtain information concerning the plaintiff.

e.  The Defendant violated 15 U.S.C. § 1692e by making statements misleading the Plaintiff as to the interests of Defendant to collect a debt and/or obtain information concerning the plaintiff.

f.  The Defendant violated 15 U.S.C. § 1692e by incorporating false or misleading statements made on www.askdoctordebt.com into its communications with the Plaintiff to collect a debt and/or obtain information concerning the plaintiff.

45. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt and to disclose personal information which would aid in the collection of debt and seizure of the plaintiff's property.

46. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgement that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney fees.

## VI. SECOND CLAIM FOR RELIEF

47. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

48. Defendant violated the TDCPA. Defendant's violations of the TDCPA include, but are not limited to, the following:

    a.   The Defendant violated Tex. Fin. Code Ann. § 392.304(19) generally by making oral and written statements in an attempt to obtain payment and personal information concerning the plaintiff through deceptive, false or otherwise misleading statements.

    b.   The Defendant violated Tex. Fin. Code Ann. § 392.304(19) by making false or misleading statements as to the independent nature of the www.askdoctordebt.com website to collect a debt and/or obtain information concerning the plaintiff.

    c.   The Defendant violated Tex. Fin. Code Ann. § 392.304(19) by making statements misleading the Plaintiff as to the relationship between www.askdoctordebt.com and Defendant to collect a debt and/or obtain information concerning the plaintiff.

    d.   The Defendant violated Tex. Fin. Code Ann. § 392.304(19) by making statements misleading the Plaintiff as to the ownership of www.askdoctordebt.com to collect a debt and/or obtain information concerning the plaintiff.

    e.   The Defendant violated Tex. Fin. Code Ann. § 392.304(19) by making statements misleading the Plaintiff as to the interests of Defendant to collect a debt and/or obtain information concerning the plaintiff.

    f.   The Defendant violated Tex. Fin. Code Ann. § 392.304(19) by incorporating false or misleading statements made on www.askdoctordebt.com into its communications with the Plaintiff to collect a debt and/or obtain information concerning the plaintiff.

49. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt and to disclose personal information which would aid in the collection of debt and seizure of the plaintiff's property.

50. As a result of the above violations of the TDCPA, the Defendant is liabile to the Plaintiff for injunctive and declaratory relief, and for actual damages, statutory damages, and attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully prays that judgement be entered against Defendant for the following:

A. Declaratory judgement that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the TDCPA.

B. Actual Damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Statutory damages pursuant to Tex. Fin. Code Ann. § 392.403.

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Tex. Fin. Code Ann. § 392.403.

F. For such other and further relief as may be just and proper.

Respectfully submitted,

**LEGAL AID OF NORTHWEST TEXAS**
2220 San Jacinto Blvd., Suite 205
Denton, Texas 76205
Tel: (940) 383-1406
Fax: (940) 382-7797
Attorneys for Plaintiff

By: _____
Dominic Ribaudo
SBN: 24107909
E: ribaudod@lanwt.org

By: _____
Paige Hoyt
SBN: 24077356
E: hoytp@lanwt.org